# United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| VINCENT E. TUK, as surviving spouse of NANCY LEE TUK, deceased, | |
| Plaintiff, | 2:19-CV-134 |
| v. | |
| U.S. XPRESS, INC. and MICHAEL LYNN CARTER, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| NATHAN CORRELL and CAITLYN CORRELL, | |
| Plaintiffs, | 2:19-CV-135 |
| v. | |
| U.S. XPRESS, INC. and MICHAEL LYNN CARTER, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| COURTNEY CORRELL, | |
| Plaintiff, | 2:19-CV-136 |
| v. | |
| U.S. XPRESS, INC. and MICHAEL LYNN CARTER, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JENNIFER CORRELL, | |
| Plaintiff, | |
| v. | 2:19-CV-162 |
| U.S. XPRESS, INC. and MICHAEL LYNN CARTER, | |
| Defendants. | |

## ORDER

Before the Court are Plaintiffs' and Defendants' Objections to portions of the Magistrate Judge's Order dated June 15, 2021. Case No. 2:19-CV-134, Dkt. Nos. 94, 95; Case No. 2:19-CV-135, Dkt. Nos. 91, 92; Case No. 2:19-CV-136, Dkt. Nos. 89, 90; Case No. 2:19-CV-162, Dkt. Nos. 62, 63.[1] In that Order, dkt. no. 93, the Magistrate Judge ruled on Plaintiffs' and Defendants' evidentiary motions, dkt. nos. 60, 62, 63. After careful review, Plaintiffs' Objections are **SUSTAINED**; Defendants' Objections are **OVERRULED**; and the Magistrate Judge's June 25, 2021 Order, dkt. no. 93, is **AFFIRMED with modification**.

## BACKGROUND

These cases arise from a motor vehicle accident that occurred on Interstate 95 on November 27, 2017. Dkt. No. 61-1 ¶ 1. In addition to moving for partial summary judgment, dkt. no. 61, Defendant filed a motion to exclude Thomas W. Cauthen, Jr. as an

---

[1] From here on, all docket citations throughout this Order refer to the docket in case number 2:19-cv-134. All four of these related cases contain identical filings regarding the present objections.

expert witness, dkt. no. 62, and a motion to exclude certain expert testimony of Sean Alexander, dkt. no. 63. Plaintiffs also filed a motion to exclude certain opinions of Defendants' proposed expert James Sloan. Dkt. No. 60. The Magistrate Judge held a hearing on these evidentiary motions on February 11, 2021. Dkt. No. 88.

On June 15, 2021, the Magistrate Judge issued an Order on these motions. Dkt. No. 93. The Order granted in part and denied in part Plaintiffs' motion to exclude certain opinions of expert James Sloan, dkt. no. 60, granted in part and denied in part Defendants' motion to exclude Thomas Cauthen as an expert witness, dkt. 62, and granted in part and denied in part Defendants' motion to exclude opinions of Sean Alexander, dkt. no. 63. Dkt. No. 93 at 37–38.

Now before the Court are Plaintiffs' and Defendants' objections to the Magistrate Judge's Order. Dkt. Nos. 94, 95. Plaintiffs contend the Magistrate Judge erred to the extent the Order excludes testimony by Sean Alexander that Defendant Michael Lynn Carter's collision with Plaintiffs could have been avoided through braking. Dkt. No. 94 at 9. Defendants object to the Magistrate Judge's exclusion of James Sloan's opinions on perception-reaction times in general, as well as those based on the Integrated Driver Response Research computer model. Dkt. No. 95 at 3-7. Defendants also object to the Magistrate Judge's

determination that Thomas Cauthen's opinion on driver hiring and retention standards is sufficiently reliable. Id. at 8.

## LEGAL STANDARD

When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, No. 4:12-CV-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. CIVA 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

## DISCUSSION

I.  **Plaintiffs' Objections**

Plaintiffs contend the Magistrate Judge's Order is clearly erroneous and contrary to law "[t]o the extent that [it] might be interpreted to extend" to Sean Alexander's opinion "that whether [Defendant] Carter changed lanes or did not change lanes, Carter could have avoided the impact with Plaintiffs' vehicle through

4

braking." Dkt. No. 94 at 3 (emphasis removed). Plaintiffs state they "are not sure whether the Magistrate Judge intended by his Order to preclude Alexander from testifying about this braking-avoidance opinion," but "in an abundance of caution, [they] file this objection." Id. at 3 n.2.

The Magistrate Judge excluded Alexander's opinion that "the accident would not have occurred if Defendant Carter did not change lanes," reasoning that such an opinion is "not beyond the understanding of the average lay person" and therefore not helpful to the trier of fact. Dkt. No. 93 at 36–37. In their Objection, Plaintiffs argue that if one reads the Magistrate Judge's Order "broadly," Alexander's braking avoidance opinion could also be excluded as "not beyond the understanding of the average lay person" and thus not helpful to the jury. Dkt. No. 94 at 6 (quoting Dkt. No. 93 at 37).

The Court first notes that Alexander's accident-avoidance opinion seems to encompass two separate opinions: first, Carter could have avoided the accident by not changing lanes (the "lane-changing avoidance opinion"); and second, Carter could have avoided the accident by braking (the "braking avoidance opinion"). It is unclear that Defendants did, in fact, object to Alexander's braking avoidance opinion in the first place. Although Defendants asked the Court to exclude "Alexander's opinions on accident avoidance," Defendants focused on Alexander's lane-changing

5

opinion when they argued such testimony would be unhelpful to the trier of fact. See Dkt. No. 63-1 at 12–13. The Court notes that Defendants did file a response to Plaintiffs' Objection in which they argue that the braking avoidance opinion should also be excluded as unhelpful to the trier of fact. Dkt. No. 96. To the extent Defendants objected to *both* avoidance opinions in their motion in limine, and to the extent the Magistrate Judge's Order did not address the braking avoidance opinion, such an opinion would clearly not be excluded on the same basis—helpfulness—as the changing-lanes avoidance opinion.

The Magistrate Judge reasoned "the jury does not need an expert to understand" that "if Defendant Carter had not changed lanes, Collision #2 would not have occurred." Dkt. No. 93 at 37. Just as Defendant Carter would not have collided with Plaintiffs' vehicle if he had stayed at home that day, he would not have collided with Plaintiffs' vehicle if he never entered the lane where Plaintiffs' vehicle was traveling. A jury does not need an expert to understand that. What is not within the understanding of an average lay person, though, is whether Defendant Carter's *braking* would have prevented the collision. The braking avoidance opinion is one that requires an expert in accident reconstruction, while the lane-changing avoidance opinion is not. See, e.g., Haines v. Webb, No. 1:13-CV-1783-AT, 2014 WL 12828962, at *10 (N.D. Ga. Sept. 26, 2014) ("Although lay jurors can 'readily imagine

6

what is involved with attentive driving and about how much distance it takes to stop a [vehicle], few would have in their minds the sort of precise stopping distance, drag coefficient, and typical driver braking time data accident reconstruction experts are able to generate.'" (quoting Erving v. Unicorn Exp., LLC, No. CV 407-CV-84, 2008 WL 8746303, at *6 (S.D. Ga. July 1, 2008))).

Although Defendants argue in their response to Plaintiffs' Objection that "Alexander's opinion concluding that Carter could have avoided the impact through braking testifies to the issue of the reasonableness or appropriateness of Carter's actions," Defendants also admit that "Alexander should be permitted to provide testimony on how much distance it takes to stop a commercial motor vehicle and explain the various underlying factors, data and calculations required to determine stopping distances."  Dkt. No. 96 at 3-4.  Contrary to Defendants' contentions, Alexander's braking avoidance opinion does not testify to the reasonableness of Defendant Carter's actions; instead, it is based upon those data and calculations that Defendants reference.  Cf. Dkt. No. 93 at 4-5 (the Magistrate Judge's excluding Alexander's opinion that "braking would have been a 'better' or the 'best' option for Defendant Carter"). Alexander's explaining how and why Defendant Carter would have had time to brake, and that braking would have avoided the collision

with Plaintiffs' vehicle, is a helpful expert opinion that does not pass judgment on the propriety of Defendant Carter's actions.

To the extent Defendants objected to the braking avoidance opinion on the grounds that it is not helpful to the trier of fact, Defendants' motion to exclude such an opinion must be denied. To the extent the Magistrate Judge did not address the braking avoidance opinion in his Order, Plaintiffs' Objection is **SUSTAINED**, and the Magistrate Judge's Order is **MODIFIED** to include a **DENIAL** of Defendants' motion to exclude Sean Alexander's braking avoidance opinion. Alexander's braking avoidance opinion is helpful to the trier of fact and will be admissible at trial.

**II. Defendants' Objections**

Defendants object to the Magistrate Judge's exclusion of certain opinions of Defendants' expert, James Sloan, as well as the Magistrate Judge's determination that Plaintiffs' expert Thomas Cauthen's opinion on driver hiring and retention standards is sufficiently reliable. Dkt. No. 95 at 3–8.

**A. James Sloan**

Defendants object to the Magistrate Judge's exclusion of Sloan's opinions which are based on the Integrated Driver Response Research ("IDRR") computer program, as well as the Magistrate Judge's exclusion of Sloan's opinions about perception-reaction time in general. Id. at 3-7.

### 1. IDRR Opinions

Defendants argue that, contrary to the Magistrate Judge's findings, they *have* established IDRR is commonly relied upon in the accident reconstruction field and Sloan *has* explained the scientific theory behind the software. Id. at 3. In support of their contention that IDRR is a reliable program, Defendants cite solely to the Eighth Circuit's conclusion in Koslov v. Associated Wholesale Grocers, Inc., 818 F.3d 380, 394 (8th Cir. 2016), in which the Eighth Circuit found IDRR is commonly relied upon in the accident reconstruction field. Dkt. No. 95 at 3. However, the record in *this* case does not support such a conclusion; the fact that *another* Court found otherwise, based upon the information on *its* record, does not change that fact.

Further, Defendants' argument that Sloan explained the theory behind IDRR is unavailing. As the Magistrate Judge explained in his Order, relying upon information not in the record is insufficient to establish that a methodology is sound. Dkt. No. 93 at 20. The Magistrate Judge's exclusion of Sloan's opinions that are based upon IDRR was not clearly erroneous, and Defendants' objections to this effect are thus **OVERRULED**.

### 2. Perception-Reaction Time Opinions

Defendants next object to the Magistrate Judge's exclusion of Sloan's opinions regarding perception-reaction time in general. Dkt. No. 95 at 6-7. Defendants argue "other equations were used

9

aside from those . . . utilized in the IDRR program," such as the "time/distance and speed equations commonly used within the field of accident reconstruction." Id.

However, Defendants do not attempt to distinguish which opinions are based upon these "other equations" and *not* the IDRR program, nor do they show what, exactly, these equations are, let alone their reliability. Without being able to separate Sloan's opinions that are based on IDRR from those that are not, and without any demonstration of what these "other equations" are and whether they are reliable, the entirety of Sloan's perception-reaction time opinions must be excluded. See Hendrix v. Evenflo Co., Inc., 255 F.R.D. 568, 578 (N.D. Fla. Jan. 28, 2009) ("[T]he court must undertake an independent analysis of each step in the logic leading to the expert's conclusions; if the analysis is deemed unreliable at any step the expert's entire opinion must be excluded."). The Magistrate Judge's exclusion of Sloan's opinions regarding perception-reaction time was not clearly erroneous, so Defendants' objections contending otherwise are **OVERRULED**.

**B. Thomas Cauthen**

Defendants further object to the Magistrate Judge's determination that Plaintiffs' expert Thomas Cauthen's opinion on hiring and retention standards is sufficiently reliable. Dkt. No. 95 at 8. Specifically, Defendants argue Cauthen's opinions on driver hiring and retention are based on only "his own personal

10

practices" and not any "recognized industry standard[s]."  Id. at 8-9.

The Magistrate Judge addressed this argument in the June 15, 2021 Order when he explained that "a court may decide [an opinion] is reliable based upon [the] expert's personal knowledge or experience" as long as the expert can "demonstrate a sufficient connection between his experience and the opinion he offers."  Dkt. No. 93 at 28.  The Magistrate Judge concluded that Cauthen demonstrated such a connection because Cauthen spent twenty years as the Director of Safety and Compliance for a truck company, has knowledge of industry best practices, and opines that Defendant U.S. Xpress violated industry standards by both hiring Defendant Carter and retaining him after additional traffic violations and falsification of duty status records.  Id. at 28-29.

Defendants argue the Magistrate Judge was incorrect and that Cauthen "fails to make a connection between his hiring practices and the industry standard hiring and retention practices."  Dkt. No. 95 at 9. Essentially, Defendants maintain that Cauthen "opines that *his* practices are industry standards" without any support. Id.  However, the Magistrate Judge was correct in that Cauthen's testimony does demonstrate such a connection; Cauthen explains in his deposition that his opinion on industry standards for driver hiring and retention is based on his experience in the industry and his knowledge of the best practices in that industry.  Dkt.

11

No. 72-1 at 36-37. Cauthen explains of what his experience in the industry consists and how his experience led to his conclusions. See id. at 15-35. The Magistrate Judge's holding that Cauthen's opinions are sufficiently reliable under Federal Rule of Evidence 702 was not clearly erroneous; counsel may challenge Cauthen's conclusions on cross examination, but the conclusions are admissible. Defendants' Objections to the admission of Cauthen's testimony are **OVERRULED.**

## CONCLUSION

After careful review, the Court **AFFIRMS with modification** the Magistrate Judge's Order, dkt. no. 93, by clarifying that to the extent Defendants moved to exclude Sean Alexander's braking avoidance opinion, that motion is **DENIED; SUSTAINS** Plaintiffs' Objections, dkt. no. 94; and **OVERRULES** Defendants' Objections, dkt. no. 95.

**SO ORDERED**, this 12th day of July, 2021.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA